IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CRYSTAL R. BAKER**                                                                                    **PLAINTIFF**

vs.                                           Civil No. 3:19-cv-03088

**ANDREW SAUL,**                                                                                          **DEFENDANT**
**Commissioner, Social Security Administration**

**MEMORANDUM OPINION**

Plaintiff, Crystal R. Baker, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his applications for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his application for DIB on April 11, 2018. (Tr. 11)[1]. In his application, Plaintiff alleged being disabled due to cervical disc herniation from C3 to C6 in her neck, arthritis in her back and shoulders, and depression an alleged onset date of January 1, 2016. (Tr. 73, 238, 242). Plaintiff's application was denied initially and again upon reconsideration.

---

[1] References to the Transcript will be (Tr. ___) and refer to the document filed at ECF No. 11, These references are to the page number of the transcript itself not the ECF page number.

(Tr. 11).  Plaintiff requested an administrative hearing and that administrative hearing was held on April 2, 2019.  (Tr. 11, 46-110).  At this hearing, Plaintiff was present and represented by counsel, Fredrick Spencer.  (*Id*.).  Plaintiff, Plaintiff's mother, and a Vocational Expert ("VE") testified at the hearing.  (*Id*.).  At the hearing, Plaintiff amended her alleged onset date to June 15, 2017. (Tr. 11, 73-74).

Following the administrative hearing, on May 24, 2019, the ALJ entered an unfavorable decision.  (Tr. 8-22).  The ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date.  (Tr. 13, Finding 2).  The ALJ determined Plaintiff had the severe impairments of: osteoarthritis and degenerative disc disease of the cervical spine and scoliosis of the thoracic spine; degenerative changes of the right acromioclavicular (AC) joint; fibromyalgia; right carpal tunnel syndrome; history of hernia repair; and history of seizure/syncope.  (Tr. 13-14, Finding 3).  Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 14, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined his RFC.  (Tr. 14-20, Finding 5).  The ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id*.  The ALJ determined that Plaintiff retained the RFC to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs; she can never climb ladders, ropes, or scaffolds; she can occasionally balance, stoop, kneel, crouch and crawl; she can occasionally reach overhead/work overhead bilaterally; she can frequently, but not constantly, reaching[sic] in all other direction[s] bilaterally; she can frequently, but not constantly, handle and finger with the right upper extremity; and she must avoid concentrated exposures to temperature extremes, humidity and hazards, including no driving as part of work.
> *Id*.

The ALJ found Plaintiff unable to perform any of her Past Relevant Work ("PRW"). (Tr. 20, Finding 6). However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 21-22, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of photo processing counter clerk with approximately 31,000 jobs in the nation, tanning salon attendant with approximately 4,000 jobs in the nation, or furniture rental clerk with approximately 77,000 jobs in the nation. *Id*. The ALJ determined Plaintiff was not disabled at any time from June 15, 2017, through the date of his decision. (Tr. 22, Finding 11).

On October 24, 2019, the Appeals Council denied Plaintiff's request for review. (Tr. 1-6). On December 4, 2019, Plaintiff filed the present appeal. ECF No. 2. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.** **Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

3

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings a single point on appeal: 1) whether the ALJ's RFC finding was supported by substantial evidence, as it was based entirely on the ALJ's own interpretation of the medical records. ECF No. 13. The Commissioner argues substantial evidence supported the ALJ's RFC findings, and that the ALJ properly weighed the medical opinion evidence. ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 1st day of October 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE